IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ARCHITECTURAL CONTRACTORS, INC.
and THE CINCINNATI INSURANCE COMPANY, INC.                    PLAINTIFFS

V.                    CASE NO.  5:13-CV-05179

SCHILLI TRANSPORTATION SERVICES, INC.                          DEFENDANT


MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiffs Architectural Contractors, Inc.'s ("ACI") and The Cincinnati Insurance Company, Inc.'s ("CIC") Motion for Costs and Prejudgment Interest and brief in support (Docs. 47 and 48); Defendant Schilli Transportation Services, Inc.'s ("Schilli") Response in Opposition and brief in support (Docs. 50 and 51); and Plaintiffs' Reply (Doc. 52).  For the reasons explained herein, Plaintiffs' Motion (Doc. 47) is **GRANTED IN PART AND DENIED IN PART**.  The Court grants Plaintiffs' request for prejudgment interest and costs, but declines to award Plaintiffs' total cost request of $3,435.45.  Instead, the Court awards Plaintiffs $2,840.45 in costs and $15.83 in prejudgment interest.

I.  BACKGROUND

Plaintiffs brought suit against Schilli, pursuant to the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. §14706, for damages sustained to certain wall panels transported by Schilli to ACI's job site in Springdale, Arkansas.  Schilli denied that its driver, Douglas Edwards, delivered the panels in damaged condition, and contended that at least some of the damages claimed by ACI were unforeseeable.  Schilli further contended that

Plaintiffs' claim was barred by a nine-month statute of limitations. The case came on for a one-day bench trial on December 1, 2014. For the reasons set forth in its Opinion and Order (Doc. 49), the Court found for Plaintiffs. The Court awarded Plaintiffs $6,375.76 in compensatory damages, which represents the replacement cost of the 55 damaged wall panels and fasteners.

Plaintiffs now request an award of prejudgment interest and costs, and supports its request with a number of exhibits, including: a Bill of Costs (Doc. 47-1); invoices for the depositions conducted on Jean McMillian and Douglas Edwards (Doc. 47-2); and an affidavit written by Plaintiffs' counsel confirming that the itemization is accurate (Doc. 47-3). The Court will address Plaintiffs' requests for prejudgment interest and costs in turn.

## II.  DISCUSSION

### A.  Prejudgment Interest

Plaintiffs seek an award of prejudgment interest, but fail to make a specific request or brief a calculation methodology. Schilli disputes that Plaintiffs are entitled to an award of prejudgment interest due to the unreasonable delay in reporting any damage to Schilli. Schilli also contends it should not be ordered to pay interest because the issue of liability was highly challenged, and the Court's ruling was closely decided. In the alternative, Schilli requests that any prejudgment interest begin on May 23, 2013, the date Plaintiffs first reported the loss to Schilli.

Schilli's liability was determined at trial, and the Court calculated the amount of damages through the invoices introduced into evidence. Because Plaintiffs' damages were reasonably ascertainable from the date of accrual, Plaintiffs are entitled to prejudgment

2

interest. *See Stroh Container Co. v. Dephi Industries, Inc.*, 783 F.2d 743, 752 (8th Cir. 1986). The basic purpose of prejudgment interest is to ensure that a party is fully compensated for its loss. *See City of Milwaukee v. Cement Div. Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995). Further, it is appropriate to award compound, rather than simple interest in federal cases. "[A]bsent special circumstances, compound, not simple, interest ought to be awarded in Carmack Amendment cases." *Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys. Inc.*, 325 F.3d 924, 937 (7th Cir. 2003).

Unlike in cases before this Court solely on the basis of diversity jurisdiction, wherein the Supreme Court's ruling in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), dictates that the issue of prejudgment interest be determined with reference to various state laws, *see Capella Univ., Inc. v. Executive Risk Specialty Ins. Co.*, 617 F.3d 1040, 1052 (8th Cir. 2010) (internal citation omitted), the present action is before the Court on a federal question and therefore federal law governs the rate of prejudgment interest, *see Bishop v. Pennington Cnty.*, 2009 WL 1364887, at *2 (D. S.D. May 14, 2009) (citing *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1330 (8th Cir. 1995)).

The first issue the Court must address is the appropriateness of awarding prejudgment interest in this case. This Court is not aware of any reason why prejudgment interest would be inappropriate in this action. The awarding of prejudgment interest "ensure[s] that an injured party is fully compensated for its loss," *City of Milwaukee*, 515 U.S. at 195, by requiring that "[o]ne who has had the use of money owing to another . . . pay interest from the time payment should have been made," *Miller v. Robertson*, 266 U.S. 243, 257–58 (1924). Here, the Court has determined that Schilli has had use of $6,375.76

3

which rightfully was owed to Plaintiffs as of May 23, 2013. Therefore the award of prejudgment interest in this case is appropriate.

The next issue to be resolved is the correct date on which prejudgment interest should begin to accrue. Prejudgment interest typically accrues from the date of the loss or from the date on which the claim accrued. *See W. Va. v. United States*, 479 U.S. 305, 310 n.2 (1987). The Court has broad discretion in making this determination. *Indep. Bulk Transp., Inc. v. The Vessel "Morania Abaco,"* 676 F.2d 23, 25 (2d Cir.1982). The parties have suggested two different dates for the Court's consideration. Plaintiffs contend that the relevant date is the date of loss, while Schilli argues that the date the claim was made is the proper date for prejudgment interest to accrue. The facts revealed that Plaintiffs did not make a claim until nearly two years after the shipment arrived in damaged condition, and therefore the Court finds that it is equitable for the interest to run from the date Plaintiff first alerted Schilli as to the loss, May 23, 2013, through the date of the Court's Opinion and Order on December 10, 2014.

Finally, this Court must decide the applicable rate of prejudgment interest. Plaintiffs have not submitted any calculations regarding interest rates; however, Schilli provided a rate schedule from the United States Department of Treasury, dating from 2013. The appropriate rate of interest is left to the discretion of the district court. *See N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 130–31 (2d Cir. 2001). *See also Werner Enterprises, Inc. v. Westwind Mar. Int'l, Inc.*, 554 F.3d 1319, 1328 (11th Cir. 2009) ("In the absence of a controlling statute, the choice of a rate at which to set the amount of prejudgment interest is also within the discretion of a federal court."). "That decision is

'guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding post-judgment interest.'" *In re Int'l Admin. Serv., Inc.*, 408 F.3d at 710 (quoting *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998) (citing 28 U.S.C. § 1961)).  Although 28 U.S.C. § 1961 does not concern prejudgment interest, the Eighth Circuit has concluded that § 1961 provides the proper measure for determining rates of both prejudgment and postjudgment interest. *Mansker*, 54 F.3d at 1331. The annual yields on those treasury securities since May 2013 to the present have fluctuated from a low of .11% in May 2013, to a high of .21% when the Court's Order was entered on December 10, 2014.  When the annual yields are averaged, the resulting rate is .16%. When compounded annually, this rate provides a return of $15.83.[1]

Accordingly, Plaintiffs are entitled to recover an interest rate of .16% compounded annually from May 23, 2013, which equals $15.83.

### B.  Costs

The Court now turns to Plaintiffs' Bill of Costs under 28 U.S.C. § 1920.  In its Bill of Costs, Plaintiffs seek reimbursement in the total amount of $3,435.45 for the following expenses it states were necessarily incurred in the defense of this action: $29.80 for fees incurred in the service of summons and subpoenas; $3,015.73 for costs of printed or

---

[1]The Court arrives at this amount by making the following calculations: 0.0016/365= daily rate; daily rate x $6375.76 = daily interest; daily interest x 365 days (date from May 23, 2013 through May 23, 2014) = $10.62; $6375.76 + 10.20 = $6385.96 for the first year plus interest.  Next the Court makes the following calculations to determine the remaining interest: 0.0016/365 = daily rate; daily rate x $6385.96 = daily interest; daily interest x 201 days (date from May 23, 2014 through December 10, 2014)= $5.63.  Total = $15.83.

electronically recorded transcripts of the depositions of Edwards and McMillian; $136.30 for witness fees; and $253.62 for costs of making copies of any materials necessarily obtained for the case.

Schilli disputes that Plaintiffs are entitled to costs, denying that Plaintiffs are the prevailing party, as Plaintiffs received less than half of what they requested at the trial of this matter, and Schilli prevailed as to state law claims on summary judgment. Schilli further argues that the "bulk of costs Plaintiffs request are comprised of costs associated with creating and procuring videotapes and written transcripts of depositions. . . ." (Doc. 52, p.3). Specifically, Schilli objects to: (1) the deposition video and transcripts of Edwards; (2) the deposition video of McMillian; and (3) meeting room rental fees for both depositions. However, Schilli does not quarrel with the remaining items of costs sought in Plaintiffs' Bill of Costs.

Under the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Eighth Circuit has held that Rule 54(d) codifies a rebuttable presumption that the prevailing party is entitled to costs. *Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005) (citing *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001)). The costs available under the rule are stated in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensations of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Not all expenses of litigation are costs taxable against the losing party, and within the costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). The losing party bears the burden of making the showing that an award is inequitable under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). *See also 168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (finding that a prevailing party is presumptively entitled to recover all of its costs and the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion).

Regarding whether Plaintiffs are the prevailing party, the Supreme Court has held, in the context of a civil rights action, that to be a prevailing party, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).  A "prevailing party" has also been defined as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). Thus, Plaintiffs are clearly the prevailing party.

As to Schilli's objections to deposition costs, the Eighth Circuit has held that the costs of video depositions are included under § 1920. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).  Schilli argues that expenses of video taping were an unnecessary addition to a stenographic deposition, indicating that the award of the video-deposition costs was unreasonable or unnecessary.  However, the video deposition testimony was used at trial and alluded to by both parties, and the transcripts of the video deposition were requested by the Court.  Further, it is easier to assess the credibility of witnesses through their manner and demeanor in the video deposition, rather than simply a written transcript.

Regarding the room rental for the depositions, these costs were incurred by necessity of the depositions themselves.  Plaintiffs required a room in which to conduct these out-of-town depositions.  As a result, Plaintiffs will be awarded the costs regarding the depositions of both Edwards and McMillian.  However, the Court discovered that there is a discrepancy in the cost billed on Edwards' deposition transcript. Although Plaintiffs were charged for 146 pages of the deposition transcript, the transcript only comprised 46

8

pages. Therefore, the cost awarded to Plaintiffs will be $2,840.45, which is reduced by the $595 overcharge on Edwards' deposition transcript. While the Court is concerned about the great disparity in price between the two depositions, Plaintiffs were unable to negotiate reasonable terms as to the Edwards deposition. Thus, it is still a cost incurred by Plaintiffs at trial, and therefore will be awarded.

### III. CONCLUSION

In consideration of the above reasoning, the Court in its discretion finds that Architectural Contractors, Inc.'s and The Cincinnati Insurance Company, Inc.'s Motion for Costs and Prejudgment Interest (Doc. 47) is **GRANTED IN PART AND DENIED IN PART** as follows: Schilli is ordered to pay Plaintiffs $2,840.45 in costs and $15.83 in prejudgment interest. Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** this 29th day of December, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE